

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS
SUPERIOR COURT
CIVIL ACTION NO. 14-01014

PAULINE MCDONOUGH,
  Plaintiff

vs.

CBRE, INC., and
A&A MAINTENANCE ENTERPRISE, INC.
  Defendants

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

## PARTIES

1. The Plaintiff, Pauline McDonough, is an individual residing at 11 Potter Avenue, Plainville, Norfolk County, Massachusetts.

2. The Defendant, CBRE, Inc. is a Delaware corporation with a principal business address at 400 S. Hope Street, Los Angeles, CA 90071, and registered to do business in Massachusetts.

3. The Defendant, A&A Maintenance Enterprise, Inc. is a New York corporation with a principal business address of 965 Midland Avenue, Yonkers, NY 0704, and registered to do business in Massachusetts.

## FACTS

4. On May 7, 2012, the Plaintiff Pauline McDonough was walking in the corridor of Siemens Healthcare, which is located at 115 Norwood Park South, Norwood, Massachusetts. The building is managed and maintained by Defendant, CBRE, Inc. A&A Maintenance was subcontracted to provide cleaning of the floors at the property.

5. The Plaintiff was walking towards the nurse's office when she slipped and fell on the floor. The floor had been over waxed and extremely slippery.

6. Ms. McDonough landed on the floor resulting in an open fracture of her right forearm, sprain to her right ankle/foot, and pain in her thigh.

7. As a result of the accident Plaintiff Pauline McDonough sustained serious and permanent injuries including multiple contusions, a radial head fracture, proximal

ulnar fracture and open fracture of the forearm/elbow, right ankle/foot sprain, and thigh pain.

## COUNT I
## (NEGLIGENCE v. CBRE, INC.)

8. The Plaintiff hereby re-alleges each of the allegations set forth in paragraphs 1 through 7 above and incorporates the same by reference.

9. The Defendant, CBRE, Inc., failed to maintain the floor area in a reasonably prudent manner as it was over-waxed and/or slippery, thus creating an unsafe environment for invitees to the premises.

10. As a direct and proximate result of the Defendant's negligence, Pauline McDonough was caused to slip and fall on the floor and sustain serious and permanent bodily injuries as set forth above.

11. In addition, Pauline McDonough has incurred pain, suffering, and mental anguish. Furthermore, Pauline McDonough has incurred significant medical expenses.

**WHEREFORE**, the Plaintiff, Pauline McDonough, prays as follows:

12. That judgment be entered against the Defendant, CBRE, Inc., for personal injuries, pain and suffering, and the fair value of medical expenses as set forth herein, together with interest and costs.

13. For such other further relief as this court deems just.

## COUNT II
## (NEGLIGENCE v. A&A MAINTENANCE SERVICES, INC.)

14. The Plaintiff hereby re-alleges each of the allegations set forth in paragraphs 1 through 13 above and incorporates the same by reference.

15. The Defendant, CBRE, Inc., failed to maintain the floor area in a reasonably prudent manner as it was over-waxed and/or slippery, thus creating an unsafe environment for invitees to the premises.

16. As a direct and proximate result of the Defendant's negligence, Pauline McDonough was caused to slip and fall on the floor and sustain serious and permanent bodily injuries as set forth above.

17. In addition, Pauline McDonough has incurred pain, suffering, and mental anguish. Furthermore, Pauline McDonough has incurred significant medical expenses.

**WHEREFORE**, the Plaintiff, Pauline McDonough, prays as follows:

18. That judgment be entered against the Defendant, CBRE, Inc., for personal injuries, pain and suffering, and the fair value of medical expenses as set forth herein, together with interest and costs.

19. For such other further relief as this court deems just.

                        Respectfully Submitted
                        The Plaintiff
                        Pauline McDonough
                        By her attorney,

                        Stephen J. Delamere
                        BBO # 561249
                        Law Office of Stephen J. Delamere, P.C.
                        839 Washington Street
                        Stoughton, Massachusetts 02072
                        (781) 344-0012
                        sdelamere@delamerelaw.com

Dated: 7/17/14

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: NORFOLK |
|---|---|---|
| PLAINTIFF(S) PAULINE MCDONOUGH | | DEFENDANT(S) CBRE, INC. AND A&A MAINTENANCE ENTERPRISE, INC. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 781-843-7653 Stephen J. Delamere, Esq. Law Office of Stephen J. Delamere, P.C. 839 Washington St., Stoughton, MA 02072 Board of Bar Overseers number: 561249 | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| 04 | Negligence Personal Injury | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $.21,539.63...
2. Total Doctor expenses .................................................... $.17,631.87...
3. Total chiropractic expenses .............................................. $...........
4. Total physical therapy expenses .......................................... $...........
5. Total other expenses (describe) .......................................... $...........
   Subtotal $39,171.50....
B. Documented lost wages and compensation to date ............................ $...........
C. Documented property damages to date ....................................... $...........
D. Reasonably anticipated future medical and hospital expenses ............... $...........
E. Reasonably anticipated lost wages ......................................... $...........
F. Other documented items of damages (describe)
   $...........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $...........
   TOTAL $.39,171.50...

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: 7/17/14